RECEIVED
IN LAKE CHARLES, LA
SEP 20 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20208-002 |
| VS. | : | JUDGE MINALDI |
| JOEL EVANS | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") that was prepared by the Probation Department.

Based upon the defendant's objections numbered one through six, the PSR was amended to delete all references to evidence excluded by the court in the prior ruling on the defendant's motion in limine. The guidelines calculations are based solely upon the quantities found by the jury. No further ruling is required from the court on these objections.

The remaining objection refers to the one point assigned pursuant to U.S.S.G. §4A1.1(e).

§ 4A1.1 states:

> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> **(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> **(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> **(c)** Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

**(d)** Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

**(e)** Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

**(f)** Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

Evans was released from incarceration on April 16, 1999. The conspiracy of which he was convicted in this case is alleged to have begun on January 1, 2001, within a two year period. Additionally, the defendant was also released from a term of imprisonment on May 25, 2003, as indicated in ¶44. On July 24, 2003, co-conspirator Franklin Richardson was arrested for violating the terms of his probation. The following day, Richardson's house was searched and Evan's driver's license was found. Richardson then admitted that he had been selling and using methamphetamine with Evans. This occurred within two months of Evans's release from incarceration. Accordingly, this point was properly assessed. The objection is overruled.

Lake Charles, Louisiana, this __19__ day of September, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE